**In re M.M. WINKLER & ASSOCIATES, Bill Morgan, and Okee McDonald.**

**Bruno DEODATI, Plaintiff,**

**v.**

**M.M. WINKLER & ASSOCIATES, Bill Morgan, and Okee McDonald, Defendants.**

Nos. 94–20383, 94–10382 and 94–10381. Adv. No. 94–2093.

United States Bankruptcy Court, N.D. Mississippi.

Feb. 9, 1995.

Stephen Corban, Mitchell, Voge, Beasley & Corban, Tupelo, MS, for Bruno Deodati.

Dana Kelly, Phelps Dunbar, Jackson, MS, for M.M. Winkler & Associates, Bill Morgan and Okee McDonald.

*ORDER*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by the plaintiff, Bruno Deodati; response to said motion, as well as, a counter-motion for summary judgment having been filed by the defendants, M.M. Winkler & Associates, Bill Morgan, and Okee McDonald; and the court having considered same hereby finds, orders, and adjudicates as follows, to-wit:

I.

This court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (I), and (O).

II.

■ Summary judgment should only be granted when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party must present its basis for the motion; the non-moving party then has a duty to present enough evidence to indicate the existence of a factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ It is not the function of the court to weigh the evidence and determine its credibility, but to decide whether there is a genuine issue for trial.

■ The court must, however, determine if the factual issues are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477

U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

### III.

On February 7, 1994, Bruno Deodati recovered a judgment in the Circuit Court of Lee County, Mississippi, jointly and severally, against M.M. Winkler & Associates (hereinafter Winkler), Bill Morgan, and Okee McDonald, in the amount of $292,068.33, plus interest and costs. This judgment was not appealed by the defendants and is now final under the Mississippi Rules of Civil Procedure.

On February 22, 1994, Morgan and McDonald filed voluntary petitions for relief pursuant to Chapter 7 of the Bankruptcy Code. On the same date, Winkler filed for relief pursuant to Chapter 11.

Deodati filed this adversary proceeding against all three debtors seeking a determination that the aforesaid judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), and (6).

### IV.

█ Winkler was a Mississippi general partnership composed of general partners Morgan, McDonald, and Patsy McCreight. All of the partners were certified public accountants who provided public accounting and tax services to the general public.

Deodati hired the Winkler firm in June, 1985. At this time, a professional relationship of accountant and client was formed. McCreight accepted Deodati as a client and personally attended to his accounting needs. Early in the relationship, Deodati mentioned that it was difficult to keep accurate records for the preparation of his income tax returns because he was out of the country for prolonged periods of time. Winkler offered to take over the management, investment, and reinvestment of Deodati's money and certificates of deposit. Winkler also offered to provide accurate accountings concerning the management of the investments. On June 18, 1985, Deodati accepted this offer and executed an authorization allowing the services to be performed.

The arrangement continued until early 1992. McCreight had custody of Deodati's certificates of deposit and the responsibility for maintaining financial records concerning transactions involving the certificates. Throughout this period, Deodati was billed by the Winkler firm for accounting and tax services, and paid the bills on a timely basis.

Winkler failed to regularly provide Deodati with up to date records concerning his investments and earnings. The accountings that were provided contained financial information that was later proven to be false. In early 1992, Deodati attempted to contact McCreight about the lack of financial information that he was receiving. McCreight was unavailable, so Deodati talked with Morgan who initiated an investigation into the matter. The investigation revealed that McCreight had misappropriated Deodati's funds and had given him false accountings. The total shortages amounted to $199,051.25, which included overpaid taxes and interest. Deodati's income tax returns had been conformed to the accountings. This resulted in an overstatement of income and a corresponding overpayment of his income taxes.

All of the foregoing facts were admitted by the defendants in the state court litigation, including the misappropriations by McCreight and the false accountings. The judgment for actual damages in the amount of $199,051.25 was not contested. Because of the willful and intentional misconduct of McCreight, the state court conducted additional hearings and awarded Deodati punitive damages of $20,000.00 and attorney's fees of $73,017.08.

In their answer to the complaint, the defendants do not deny the foregoing facts. They deny, however, that the misconduct of McCreight should be imputed to them in a dischargeability cause of action.

### V.

The court has examined the cases of *In re Luce*, 960 F.2d 1277 (5th Cir.1992) and *In re Allison*, 960 F.2d 481 (5th Cir.1992) in analyzing whether fraud may be imputed from one partner to another. In *Luce*, the Fifth Circuit held that one partner's fraud could be imputed to a debtor partner to make a

debt non-dischargeable even where the debtor partner did not consent to the other partner's fraudulent acts, and also where the debtor had no knowledge or reason to have knowledge of the wrongful acts. *In re Luce,* 960 F.2d at 1282. The Fifth Circuit stated that "[t]he test under § 523(a)(2)(A), however, is not whether the debtor actually procured the money, property, services, or credit for him or herself. 3 Collier on Bankruptcy § 523.08[1] (15th ed.1991). Rather, the Code dictates that a particular debt is nondischargeable '[i]f the debtor benefits in some way from the money, property, services or credit obtained through deception.'" *Id.* at 1283.

The Fifth Circuit in *Allison,* also citing Collier, stated, "A debtor who has made no false representations may, nevertheless, be bound by the fraud of an agent acting within the scope of the debtor's authority." "The agency theory has been applied to impute the fraudulent acts of one spouse to the other in cases in which the other spouse was involved in a business or scheme." *Allison,* 960 F.2d 481, 485 (5th Cir.1992).

Therefore, in the Fifth Circuit, under certain circumstances, fraud may be imputed from one partner to another in the context of a bankruptcy dischargeability action. The court must determine whether the debtors herein benefited in some way because of McCreight's deception. A material factual issue, therefore, remains in dispute as to this question. For this reason, the motions for summary judgment must both be overruled, and this issue must be developed at trial.

It Is, Therefore, Ordered and Adjudged that the motions for summary judgment are not well taken and are hereby overruled.

ORDERED and ADJUDGED.